UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL JETTON MCFARLAND, | ) |
| Plaintiff, | ) No. 3:12-cv-00662 |
| | ) Judge Trauger |
| v. | ) |
| PRESTON BRANDIMORE, et al., | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983,[1] asserting claims of excessive force against defendants f/n/u Thorpe, Preston Brandimore, Jean McCormack, Yanwick Deslaurier, Matthew Valiquette, Dale BeCratt, and Atif Williams, seeking one million dollars in damages. (Docket No. 1).

**I.   Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

---

[1]The plaintiff entitles his complaint both a Section 1983 and Bivens action. (Docket No. 1 at p. 1). As it appears from the complaint that no defendants are federal agents, the court construes the plaintiff's allegations solely as claims brought pursuant to Section 1983 against state actors.

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.    PLRA Screening

A screening of the complaint in this case reveals that the plaintiff brings civil rights claims against a number of police officers based on the police officers' alleged use of excessive force in the course of arresting the plaintiff on November 10, 2008. (Docket No. 1 at p. 1).

A review of the court's records shows that, on June 15, 2011, the plaintiff brought an action against the State of Tennessee, the Metropolitan Nashville Police Department, and the same defendants named in the instant complaint,[2] alleging the same facts as those raised in the instant complaint. *See Michael Jetton McFarland v. State of Tennessee, et al.*, No. 3:11-cv-579 (M.D. Tenn. 2011)(Campbell, J.). On June 22, 2011, the court dismissed that action for failure to state claims upon which relief can be granted, finding that the plaintiff's claims were all barred by the governing statute of limitations as they were brought more than two and a half years after the alleged civil rights violations. (Docket No. 4).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties

---

[2]The spelling of some of the defendants' names is slightly different in each complaint. For example, Dale BeCratt is named as a defendant in the instant complaint, and Dale BeCraft is named as a defendant in the previous action.

or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has simply restated the same or similar allegations against seven of the same defendants stemming from the officers' alleged use of excessive force in arresting the plaintiff in November 2008. As to these defendants, the court has already rendered a final decision on the merits regarding the plaintiff's claims. As a result, the instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the November 2008 incident that could have been presented to the court in the plaintiff's prior lawsuit against these same defendants are barred by the doctrine of *res judicata*.

Because the plaintiff's claims are barred by the doctrine of *res judicata*, the court finds that the plaintiff's instant complaint fails to state a claim upon which relief can be granted. As such, the complaint must be dismissed.

### III. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge